IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JON HOWARD ROWLAND, )
)
    Plaintiff, )
)
v. ) No.: _____
) Judge: _____
THE STRAYER UNIVERSITY ) JURY DEMANDED
CORPORATION )
)
    Defendant. )

## COMPLAINT

COMES NOW the Plaintiff, JON HOWARD ROWLAND, and hereby sues the Defendant, THE STRAYER UNIVERSITY CORPORATION, and for cause of action would show unto this Honorable Court as follows:

1. . The Plaintiff, Jon Howard Rowland, is a citizen and resident of Loudon, Loudon County, Tennessee.

2. The Defendant, The Strayer University Corporation, is a corporation authorized to do business in the State of Tennessee, with its principal place of business at 2303 Dulles Station Boulevard, Herndon, Virginia 20171-6353, and may be served with process through its Registered Agent, C.T. Corporation System, at 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710.

3. The Defendant is an employer subject to the provisions of the Age Discrimination in Employment Act at 29 U.S.C. § 621, *et seq.*

4. The Defendant is an employer subject to the provisions of Tenn. Code Ann. § 4-21-101.

5. The Defendant is an employer subject to the provisions of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.* and the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

6. Jurisdiction is founded upon 28 U.S.C. § 1331, 29 U.S.C. § 621, and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Venue is proper under the code provisions cited herein, and 28 U.S.C. § 1391.

7. The Defendant is an employer engaging in an industry affecting commerce, and employs more than five hundred and one (501) employees.

8. Plaintiff was first hired to work by the Defendant on August 1, 2009, as a Student Account Representative at Defendant's Campus, located in Knoxville, Knox County, Tennessee.

9. The Plaintiff was, thereafter, promoted to Business Office Manager in June 2011.

10. The position of Business Office Manager required a Bachelor's degree, and Plaintiff had a Bachelor's degree.

11. During Plaintiff's employment, he received three (3) merit raises.

12. During Plaintiff's employment, he performed his job in a competent manner.

13. Beginning in late 2011, The Strayer University began experiencing a drop in student enrollment and a hiring freeze was implemented, and campus supplies were cut.

14. In July of 2012, the Plaintiff started reporting to a new supervisor, Brandt Erway, Campus Director.

15. At all times stated herein, Brandt Erway, was an agent and employee of the Defendant.

16. At all times stated herein, Brandt Erway, had the authority to discipline the Plaintiff.

17. Brandt Erway had the authority to terminate the Plaintiff.

18. After Plaintiff began reporting to Brandt Erway, Mr. Erway began expressing his beliefs that he preferred working with younger employees.

19. After Plaintiff began reporting to Brandt Erway, Mr. Erway began paying special attention to a young female employee, Sarah Turner, approximate age thirty-two (32).

20. Sarah Turner was a Student Account Representative who initially reported to Plaintiff, but in the Fall of 2012, Brandt Erway effectively began having her report directly to him.

21. In the Fall of 2012, Brandt Erway began having long closed door "meetings" with Sarah Turner in his office. Additionally, Brandt Erway began covering for Sarah Turner's performance deficiencies, and he started removing certain of her job duties and reassigning those duties to the Plaintiff in addition to Plaintiff's regular duties. Additionally, Brandt Erway informed Plaintiff that he would "handle" counseling concerns Plaintiff had concerning Sarah Turner, for example, her job performance, and when she started clocking in and out via her smart phone when she was not at work, but to Plaintiff's knowledge, nothing was done about this.

22. Brandt Erway also instructed Plaintiff to meet with Sarah Turner every morning to inform Sarah Turner what Plaintiff was doing each day.

3

23. Later in September of 2012, Defendant's Knoxville employees learned that due to budgetary cuts, the Knoxville Campus office was overstaffed.

24. Thereafter, Brandt Erway also began trying to "document" Plaintiff's file by issuing bogus write-ups, or issuing write-ups when much more serious conduct by similarly situated younger females was ignored by him.

25. On October 24, 2012, after issuing a bogus write-up to Plaintiff, Brandt Erway offered Plaintiff severance pay of one (1) month salary in return for voluntarily quitting, but Plaintiff could not afford to quit. Brandt Erway repeated the offer of severance to Plaintiff in return for him voluntarily quitting in January, 2013, but Plaintiff again declined to accept the offer because he could not afford to quit.

26. In January of 2013, Brandt Erway also asked Plaintiff to arrange for Sarah Turner to be sent to "special training" at the Corporate Office, just outside Washington, D.C.

27. Brandt Erway planned on attending the training with Sarah Turner, but he was not allowed to go because of policies pertaining to the Business Office cross-training other personnel.

28. Plaintiff should have been sent for this training instead of Sarah Turner, as Plaintiff was never formally trained by The Strayer University Corporation.

29. When Plaintiff asked about attending the training, Brandt Erway stated that he "would have to find out" if they could send him to "that someday."

30. In the morning of June 6, 2013, Plaintiff was abruptly suspended.

31. During the afternoon of June 6, 2013, Brandt Erway announced during a meeting of the staff that Plaintiff had been suspended for "misappropriation of funds."

4

32. The June 6, 2013, meeting with the staff was conducted by Brandt Erway and was conducted in a public place, within earshot of students and members of the public.

33. The Plaintiff never misappropriated funds and Brandt Erway knew this.

34. Brandt Erway's statement about the Plaintiff being suspended for "misappropriation of funds" was heard by employees, and it was also heard by students and other members of the public who were within earshot. The statement was slanderous, and the statement exposed Plaintiff to wrath, public hatred, contempt, and/or ridicule, and deprived the Plaintiff of public confidence and social interaction.

35. The Plaintiff's reputation was injured by Brandt Erway's slanderous statement, and this statement caused Plaintiff to sustain emotional distress, and it injured Plaintiff's reputation.

36. The Plaintiff was fired on June 20, 2013. The reasons given for Plaintiff's termination were just a cover-up for age and sex discrimination, and were otherwise not true.

37. Brandt Erway made the decision to terminate Plaintiff's employment.

38. After Plaintiff's termination, Sarah Turner was promoted to Plaintiff's former position of Business Office Manager on July 31, 2013.

39. When Sarah Turner was promoted to the position of Business Office Manager, she did not have a Bachelor's degree.

40. Brandt Erway had "downsized" the Knoxville Campus office by getting rid of Plaintiff so he could replace him with a younger female.

41. The Defendant's Knoxville Campus was overstaffed and Brandt Erway knew this so Mr. Erway fired the Plaintiff, so he could retain the younger female and promote her to Plaintiff's former position.

42. The Plaintiff was more experienced and more qualified than Sarah Turner.

43. The Plaintiff, by and through counsel, served a Non-Spoliation letter request to the Defendant on August 7, 2013. (*See*, attached Exh. A).

44. On June 20, 2013, the Plaintiff was terminated from his job despite Plaintiff's experience and loyal service to the company.

45. The Plaintiff was forty-six (46) years old at the time of his termination.

46. The reason given by Defendant for Plaintiff's termination was a cover-up for blatant age discrimination and sex discrimination.

47. At all times pertinent herein, Defendant had knowledge that its actions were in violation of the Age Discrimination in Employment Act at 29 U.S.C. § 621, *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*

48. As a result of the age and sex discrimination, the Plaintiff filed a timely Charge of age and sex discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about August 14, 2013. A copy of said Charge is attached hereto and incorporated herein as Exhibit B.

49. The EEOC Charge was timely filed.

50. The Plaintiff has not yet received a Right to Sue Notice on his sex discrimination claim, and he intends to ask this Honorable Court for leave to amend the Complaint to include a sex discrimination claim pursuant the provisions of 42 U.S.C. § 2000(e)(3), *et. seq.*, and 42 U.S.C. § 1981(a), upon the receipt of the Right to Sue Notice.

51. This suit is timely filed.

52. Defendant is responsible and liable for the tortious and discriminatory actions of its agents and employees under the doctrine of respondent superior and under agency principles.

## COUNT I

53. The allegations of paragraphs 1 through 52 are herein incorporated by reference.

54. Plaintiff was fired due to his age.

55. The conduct of the Defendant violates the ADEA, 29 U.S.C. § 621, *et seq.*

56. As an independent, alternative and supplemental cause of action, the Plaintiff avers that the Defendant violated the provisions of Tenn. Code Ann. § 4-21-101, *et seq.*, and its prohibitions of age discrimination.

57. As a direct and proximate result of the Defendant's actions, as alleged herein, the Plaintiff suffered great and irreparable loss of income, including front pay, great financial loss and detriment, and other pecuniary losses, great humiliation and embarrassment, emotional distress, and a substantial loss in benefits.

58. The actions of Defendant were willful and reckless, sufficient to justify the imposition of liquidated damages.

## COUNT II

59. The allegations of paragraphs 1 through 58 are herein incorporated by reference.

60. The Plaintiff alleges that Defendant, through its agents and employees, fired Plaintiff due to his sex.

7

61. As an independent and supplemental cause of action, the Plaintiff avers that the conduct of the Defendant violates Tenn. Code Ann. § 4-21-101, *et seq.*, and its prohibitions of sex discrimination.

62. This paragraph is reserved for the alleged, unlawful sex discrimination in violation of 42 U.S.C. § 2000(e)(3), *et. seq.*, and the Civil Rights Act of 1991, 42 U.S.C. § 1981(a), once the Notice of Right to Sue has been received, and once this Honorable Court grants Plaintiff's Motion to amend the Complaint to include this allegation.

63. Defendant is responsible and liable for the discriminatory actions of its agents and employees under the doctrine of respondent superior and under agency principles.

64. As a result of Defendant's conduct, the Plaintiff has lost tangible job benefits, including a loss of income and benefits, both past and future, including front pay, and has suffered and will continue to suffer irreparable injury, emotional distress, and other pecuniary losses as a direct result of Defendant's illegal actions.

65. This paragraph is reserved to allege punitive damages for intentional or reckless disregard of the Plaintiff's federally protected rights once the Notice of Right to Sue is received for the sex discrimination claim, and once this Honorable Court grants Plaintiff's Motion to amend the Complaint to include this allegation.

## COUNT III

66. The allegations of Paragraphs 1 through 65 are herein incorporated by reference and are fully set forth herein.

67. That Defendant's agent, Brandt Erway, published false and defamatory statements about the Plaintiff that he knew were false, and/or were made by Brandt Erway with reckless disregard of the truth.

68. As a result of the slanderous statements, the Plaintiff's reputation was injured and Plaintiff sustained emotional distress and economic losses.

69. The Defendant's adverse actions were intentional, reckless and malicious, such as to justify the imposition of substantial punitive damages.

WHEREFORE, Plaintiff prays for the following relief:

1. Compensatory damages, including front pay, (or in the alternative reinstatement if the Court deems it appropriate), liquidated damages, and punitive damages.

2. Prejudgment interest.

3. Reasonable attorney's fees.

4. The costs of this action.

5. A jury to try this cause.

6. Mandatory Order issue requiring Defendant to abide by the laws that prohibit age and sex discrimination, and ordering that certain employees undergo discrimination training.

RESPECTFULLY SUBMITTED this the 27th day of November, 2013.

        **BURKHALTER, RAYSON & ASSOCIATES, P.C.**

        s/David A. Burkhalter, II
        David A. Burkhalter, II, BPR #004771
        Attorney for Plaintiff
        P.O. Box 2777
        Knoxville, Tennessee 37901
        Phone: (865) 524-4974
        Fax: (865) 524-0172

9

Case 3:13-cv-00702-PLR-HBG   Document 1   Filed 11/27/13   Page 9 of 9   PageID #: 9