UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JON HOWARD ROWLAND | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:13-CV-702-PLR-HBG |
| | ) | |
| THE STRAYER UNIVERSITY CORP., | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Quash Defendant's Subpoenas Seeking Plaintiff's Employment Files from Six (6) of Plaintiff's Previous Employers [Doc. 29]. This motion is fully briefed [see Docs. 31, 33], and the parties appeared before the undersigned on December 16, 2014, to address the motion. The Court finds that the Motion to Quash is ripe for adjudication, and for the reasons stated herein, it will be **GRANTED**. The Defendant will be permitted to reissue a number of the subpoenas, after reducing the scope of the requested production.

**I.     BACKGROUND**

The Plaintiff alleges that he was terminated by the Defendant, his employer, because of his age and/or his sex in 2013. Plaintiff also alleges slander. The Defendant notified the Plaintiff that it intended to serve subpoenas on six (6) different employers that Plaintiff worked for before he was hired by the Defendant, including: the University of Memphis (student worker, 1993-1996); Ideal Chemical (intern, 1997); Brother Corporation (temporary worker, 1997-1998); Mark

VII Transportation (supervisor, 1998-2002); Union Planters Bank (manager, 2002-2005); and Kavland (consultant, 2005-2006). Following the filing of the Motion to Quash, the Defendant proposed a subpoena to a seventh employer, CTSI, which employed Plaintiff from approximately 2006 to 2009.

> All the subpoenas seek identical information from each of these employers:
>
>> All employment related documents and records, including but not limited to, the entire personnel file for Jon Howard Rowland including records held by human resources, managers and/or supervisors related to his hiring, payroll records, counseling, discipline, demotions, promotions, attendance, timecards, vacation and leave requests, and separation from employment. Records containing personal identifying financial information (i.e. direct deposit and bank accounts, etc.) and medical records need not be produced.

[See Doc. 30-1 at 4].

## II.     POSITIONS OF THE PARTIES

The Plaintiff argues that the information sought by the Defendant is overly broad and unduly burdensome. The Plaintiff argues that the information requested by the subpoenas is limitless. He maintains that the information sought is not related to the subject matter of this litigation, nor is it reasonably calculated to lead to the discovery of admissible evidence. Plaintiff contends that he has standing to move to quash the subpoenas because he has a personal privacy interest in the information sought by the subpoenas. The Plaintiff maintains that the subpoenas constitute a "fishing expedition" and that, to the extent the Defendant seeks relevant, discoverable information, such information could be obtained through less intrusive means, such as interrogatories and the Plaintiff's deposition.

2

The Defendant responds that the information sought through the subpoenas is relevant to: (1) Plaintiff's alleged economic damages; (2) mitigation of damages; and (3) Defendant's after-acquired evidence defense. [Doc. 31]. The Defendant maintains that Rule 26 provides for broad discovery in employment discrimination cases. It argues that the employment records that pre-date Plaintiff's employment with the Defendant are relevant to this case to determine what skills and training he obtained at those positions and how such skills could have aided in mitigating damages. The Defendant also alleges generally that the subpoenaed records could contain information about whether Plaintiff misrepresented his work experience and education. Defendant argues that it should be awarded reasonable attorney's fees and costs incurred in responding to Plaintiff's motion.

### III. ANALYSIS

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the Court may, for good cause shown, limit or forbid discovery in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

Similarly, the Court is required under Rule 45 of the Federal Rules of Civil Procedure to quash a subpoena that "subjects a person to an undue burden." Fed. R. Civ. P. 45(d)(3). "Rule 45 does not list irrelevance or overbreadth as reasons for quashing a subpoena. Courts, however, have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." Barrington v. Mortgage IT, Inc., 2007 WL 4370647 at *3 (S.D. Fl. Dec. 10, 2007).

"A party generally lacks standing to seek to quash a subpoena issued to a nonparty." Hendricks v. Total Quality Logistics, LLC, 275 F.R.D. 251, 253 n. 1 (S.D. Ohio 2011) (citing

3

Case 3:13-cv-00702-PLR-HBG Document 35 Filed 01/09/15 Page 3 of 6 PageID #: 274

Hackmann v. Auto Owners Ins. Co., 2009 WL 330314, at *1 (S.D. Ohio Feb. 6, 2009)). "But a party has a right to object to a subpoena if he/she has a claim of privilege with respect to the materials being sought by the subpoena." Id. More specifically, "a nonparty to the subpoena[] has standing to challenge the subpoena seeking his employment records as he possesses a personal right to the information contained in such employment records." Valentine v. Remke Markets Inc., No. 1:10-CV-922, 2012 WL 893880, at *1, n.1 (S.D. Ohio Mar. 15, 2012); see also Blotzer v. L-3 Commc'ns Corp., 287 F.R.D. 507, 509 (D. Ariz. 2012) ("[C]ourts have repeatedly found that an individual possesses a personal right with respect to information contained in employment records and, thus, has standing to challenge such a subpoena.")

As an initial matter, the Court finds that the Plaintiff has a privacy interest and personal right in the subpoenas that the Defendant proposes to serve on his former employers. The Defendant offered little objection on this issue. Given the Plaintiff's interest in the materials sought, the Court finds that Plaintiff has standing to object to the subpoenas, despite the fact that they are proposed for service on non-parties

The Court next finds that the subpoenas in their current form are overly-broad – both in their temporal scope and in the breadth of information sought.

The Defendant appears to have reached the same conclusion. Despite the subpoenas stating that the Defendant sought, "All employment related documents and records, including but not limited to, the entire personnel file for [Plaintiff ,]" counsel for the Defendant stated at the hearing that it was really interested in obtaining information about the Plaintiff's job duties and responsibilities, the position held, and the reason for leaving. Additionally, Defendant argued that it should be provided any training documents from former employers, because Defendant maintains that Plaintiff was terminated for a training deficiency. Thus, the Court finds that while

4

Defendant initially sought essentially every personnel document related to Plaintiff and his tenure at previous employers, Defendant now concedes that the majority of those documents are irrelevant.

At the hearing, the Defendant agreed to only issue subpoenas to the Plaintiff's three most recent employers, which Defendant indicated were Mark VII, Union Planters, and Kavland. Defendant, thereby, implicitly conceded that the records from the Plaintiff's earlier employers were irrelevant. In the course of the hearing, it was established that the Plaintiff's last three employers were actually Union Planters Bank (manager, 2002-2005); Kavland (consultant, 2005-2006); and CTSI (2006 to 2009).

Having found that the subpoenas are overly broad and that they seek irrelevant information, the Court turns to fashioning limitations that will comport with Rule 26 and Rule 45 of the Federal Rules of Civil Procedure. The Defendant may serve subpoenas asking specifically for documents stating the position held by the Plaintiff, the duties and responsibilities of that position, and the training Plaintiff received during his tenure with that employer. The subpoena may also request production of separation documents, if they exist. The Defendant shall not include expander language such as "any and all" or "including but not limited to" that may lead the recipient of the subpoena to produce documents that exceed the scope ordered by this Court. The Court acknowledges that the Plaintiff has agreed to produce information regarding his job duties and responsibilities, but the Court finds, consistent with the Defendant's position at the hearing, that it is appropriate to permit the Defendant to attempt to obtain this information from a third-party source.

The Court finds that the temporal scope for the production should be limited to the Plaintiff's last three employers – that is, Union Planters Bank (2002-2005), Kavland (2005-

2006), and CTSI (2006 to 2009). Plaintiff alleges that he was terminated on June 20, 2013. [Doc. 1 at ¶ 36]. In this case, the Court cannot find that employment records that predate this termination date by more than eleven years are relevant or discoverable. Accordingly, the subpoenas may only request documentation from the three employers listed above, starting in 2002.

Finally, the Court finds that requests for attorneys' fees and/or expenses with regard to this issue are not well-taken. Both sides litigated this issue in good faith, and under the circumstances, the Court finds an award of fees and/or expenses is not appropriate.

## IV. CONCLUSION

Based upon the foregoing, the Plaintiff's Motion to Quash **[Doc. 29]** is well-taken, in part, and it is **GRANTED**, as follows:

1. The seven (7) subpoenas proposed for service on Plaintiff's previous employers by the Defendant are **QUASHED**.
2. The Defendant is granted leave to serve subpoenas on the following employers: Union Planters Bank, Kavland, and CTSI.
3. These subpoenas may order: production of documents stating the position held by the Plaintiff; production of documents stating the duties and responsibilities of the position held by the Plaintiff; production of documents stating the training Plaintiff received during his tenure with that employer; and production of separation documents.

**IT IS SO ORDERED**.

ENTER:

_Bruce Guyton_
United States Magistrate Judge

6